ROSEBERRY *v.* SHIELDS and Another.

APPEAL from the *Jackson* Common Pleas.

RAY, J.—This was an action commenced before a justice of the peace, to remove the appellant from certain premises, held by him as tenant. The complaint, in the first paragraph, alleges the renting of the premises by the former owner of the land to the appellant, by the month; that the tenant agreed to yield possession upon the sale of the premises to the appellees, and that such sale was accomplished and a conveyance duly made; that the possession was not surrendered, and thereupon due notice was given to deliver up the premises at the expiration of the next month, and that the appellant failed and refused to surrender the possession. A demurrer filed in the court below to this paragraph was overruled. It is insisted that the relation of landlord and tenant did not exist. We think otherwise. The appellant did not give possession to the purchaser as stipulated, but continued to hold over, and the owner, under our statute, was at liberty to treat him as his tenant. 2 G. & H. § 10, p. 360. The giving of the statutory notice to yield up the premises at the close of the next month was a clear recognition of the relation of landlord and tenant.

It is insisted that the paragraph is defective in not averring actual notice of the purchase of the premises by the appellees, or that the conveyance had been duly recorded. We do not think that the appellant can insist upon the appellees submitting proof of their legal title to him. The notice to quit was such a claim of ownership as put the tenant upon inquiry. The same objections are made to the second paragraph, and to the action of the court in overruling a demurrer thereto. Both paragraphs are, in our opinion, for the reasons already stated, sufficient.

The third paragraph of the complaint avers that the wife

of the appellee, *James S. Shields*, rented the premises in question. The fourth paragraph alleges that *James S. Shields* rented the same. Neither paragraph avers distinctly whether the premises were rented by or to the appellee mentioned in the respective paragraphs, but we think the fact appears, by just inference, from the averment of notice to the appellant to yield up the possession, that the renting was by such appellee to him.

The statute authorizes the indulgence of great liberality in the practice before justices of the peace, and we are not inclined to reverse such a case, after a trial upon the merits, when the uncertainty in any averment of the complaint could not have misled the defendant, and might have been corrected had the proper motion been made. The rule as stated in Chitty, is, that " where an expression is capable of different meanings, that shall be taken which will support the declaration, and not the other which would defeat it." 1 Chitty 237. These are the only questions discussed in the briefs, though other errors are assigned, which are not reserved by bill of exceptions, as they should have been.

The judgment is affirmed, with costs.

*S. W. Smith, T. A. Hendricks, O. B. Hord* and *A. W. Hendricks*, for appellant.

*W. K. Marshal*, for appellees.

